FILED
CLERK, U.S. DISTRICT COURT
09/28/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Kevin Lih (SBN 350091)
kevinkdlih@berkeley.edu
59 West Holly Street, 3035
Pasadena, CA 91103
Tel: 424-448-6720

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN LIH, an individual,
Plaintiff,
v.
AMERICAN EXPRESS NATIONAL BANK,
Defendant.

Case No. 2:26-cv-09903-SRM-DSR

Removed from Superior Court of California, County of Los Angeles, Case No. 26NNCV05790

**DECLARATION OF KEVIN LIH REGARDING SERVICE OF ANSWER AND ELECTRONIC SERVICE STATUS**

Hearing Date: December 16, 2026
Hearing Time: 1:30 p.m.

I, Kevin Lih, declare:

1. I am the Plaintiff in this action and an attorney admitted to practice in California. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would competently testify to them.

2. I submit this declaration in support of Plaintiff's Motion to Strike Affirmative Defenses under Federal Rule of Civil Procedure 12(f), specifically concerning service of Defendant American Express National Bank's ("AENB") Answer and my electronic service and electronic filing status.

3. On September 2, 2026, while this action remained pending in the Superior Court of California for the County of Los Angeles, AENB filed its Answer and Affirmative Defenses.

4. AENB's proof of service states that on September 2, 2026, AENB transmitted the Answer to my email address and also placed the Answer in a sealed envelope, postage fully prepaid, for deposit in the United States mail addressed to me at 59 West Holly Street, Unit 3035, Pasadena, California 91103. AENB further declared that, under Morgan Lewis's ordinary mailing practice, the mailing would be deposited with the United States Postal Service that same day. The proof of service appears at ECF No. 1-3, Page ID No. 284.

5. At the time AENB served the Answer, I was a pro se litigant. I had not served or filed any notice consenting to electronic service in the state court action, had not filed a Consent to Electronic Service and Notice of Electronic Service Address, had not manifested affirmative consent to electronic service through the court or an electronic filing service provider, and had not otherwise agreed with AENB or its counsel to accept service by email.

6. California Code of Civil Procedure section 1010.6(c) governs electronic service by consent on an unrepresented person in a civil action. Section 1010.6(c)(2) provides that an unrepresented party "may consent to receive electronic service," and section 1010.6(c)(3) provides that express

consent may be given by serving and filing notice of consent or by manifesting affirmative consent electronically through the court or the court's electronic filing service provider while providing an electronic service address. Section 1010.6(c)(3) further provides that "[t]he act of electronic filing shall not be construed as express consent." I had provided none of the forms of consent identified in section 1010.6(c) when AENB served its Answer.

7. On September 3, 2026, AENB removed this action to this Court.

8. When AENB opened the removed action in this Court, my email address was initially added to the Court's CM/ECF system. I had not registered for electronic service through CM/ECF and had not requested that my email address be added for electronic service.

9. On September 15, 2026, the Clerk entered a Notice of Deficiencies in Attorney Case Opening, ECF No. 6. The docket entry expressly states: "The pro se litigant's email address was added to CM/ECF in error upon the opening of this Notice of Removal case." The Clerk further stated that my email address "will be removed from CM/ECF and will not be used for electronic service without the appropriate registration and consent."

10. Before the Clerk entered that correction, on September 6, 2026, I submitted an Application for Permission for Electronic Filing on Form CV-005. By submitting that application, I affirmatively sought permission to obtain electronic filing privileges that I did not then possess. A true and correct copy of my September 6, 2026 Application for Permission for Electronic Filing on Form CV-005 is attached hereto as **Exhibit A**. A true and correct copy of the September 6, 2026 EDSS Submission Confirmation reflecting the Court's receipt of my CV-005 and Certificate of Service is attached hereto as **Exhibit B**.

11. My submission of the CV-005 did not itself grant me electronic filing privileges, nor had I separately registered to receive electronic service through CM/ECF at the relevant time. Thus, when AENB removed the action, I could

not be served electronically through ECF, email, or other electronic form.

12. The Central District's electronic-service rules distinguish electronic filing from electronic service. Local Rule 5-3.2 provides that a pro se litigant receives service through CM/ECF only after registering to receive electronic service or obtaining the applicable electronic filing access. Individuals who are not registered or have not consented to electronic service must instead be served pursuant to Federal Rule of Civil Procedure 5.

13. Federal Rule of Civil Procedure 5 likewise distinguishes service by mail from electronic service. Rule 5(b)(2)(C) permits service by mailing a paper to the person's last known address and provides that service is complete upon mailing. Rule 5(b)(2)(E) permits electronic service through the Court's filing system on a registered user or by another electronic means to which the recipient "consented to in writing."

14. Judge Murillo's September 16, 2026 Standing Order similarly provides that a document filed electronically must be served by mail that same day on any party or attorney "who is not permitted or has not consented to electronic service." ECF No. 11.

15. Federal Rule of Civil Procedure 81(c)(1) provides that the Federal Rules of Civil Procedure apply to a civil action after removal.

16. Rule 12(f)(2) permits a party to move to strike matter from a pleading, where no responsive pleading is permitted, "within 21 days after being served with the pleading."

17. Rule 6(d) provides that when a party must act within a specified time after being served and service is made by mail under Rule 5(b)(2)(C), three days are added after the otherwise-applicable period expires under Rule 6(a).

18. Applying those periods to AENB's September 2, 2026 service by mail, twenty-one days ran through September 23, 2026. Three additional days extended that period through September 26, 2026. September 26, 2026 was a

Saturday. Rule 6(a)(1)(C) provides that where the last day falls on a Saturday, Sunday, or legal holiday, the period continues to the end of the next day that is not one of those days. The resulting deadline was Monday, September 28, 2026.

19. I did not receive or possess CM/ECF electronic-service privileges that displaced AENB's service by United States mail for purposes of the foregoing timeline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026, at Yokohama, Japan.

Kevin Lih

# EXHIBIT A

Name: Kevin Lih
Address: 59 West Holly Street, 3035
Pasadena, CA 91103
Phone Number: 424-448-6720
Email Address: kevinkdlih@berkeley.edu
*Pro Se*

FILED
CLERK, U.S. DISTRICT COURT
9/6/2026
CENTRAL DISTRICT OF CALIFORNIA
BY JB DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LIH<br><br>PLAINTIFF(S)<br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK; and DOES 1 through 20, inclusive<br><br>DEFENDANT(S) | CASE NUMBER<br>2:26-cv-09903<br><br>**APPLICATION FOR PERMISSION FOR ELECTRONIC FILING** |

As the ☒ Plaintiff ☐ Defendant in the above-captioned matter, I respectfully ask the Court for permission to participate in electronic filing ("e-filing") in this case. I hereby affirm that:

1. I have reviewed Local Rule 5-4.1.1 and the instructions available on the Court's website at www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers.

2. I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail.

3. I understand that if my use of the Court's e-filing system is unsatisfactory, my e-filing privileges may be revoked and I will be required to file documents in paper, but will continue to receive documents via e-mail.

4. I understand that I may not e-file on behalf of any other person in this or any other case.

5. I have regular access to the technical requirements necessary to e-file successfully:
*Check all that apply.*

- ☒ A Computer with internet access.
- ☒ An email account on a daily basis to receive notifications from the Court and notices from the e-filing system.
- ☒ A scanner to convert documents that are only in paper format into electronic files.
- ☒ A printer or copier to create required paper copies such as chambers copies.
- ☒ A word-processing program to create documents; and
- ☒ A PDF reader and a PDF writer to convert word processing documents into PDF format, the only electronic format in which documents can be e-filed.

Date: September 6, 2026 Signature: Kevin Lih

# EXHIBIT B

bConnected powered by Google

Kevin D Lih <kevinkdlih@berkeley.edu>

## Submission Confirmation

1 message

**Civil Intake** <do-not-reply@cacd.uscourts.gov> Sun, Sep 6, 2026 at 8:59 PM
To: kevinkdlih@berkeley.edu

### Dear Kevin Lih:

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Kevin Lih
**Tracking Number:** EDS-260906-003-6918
**Date:** 9/6/2026 8:59:56 PM

Uploaded files:

- **CV-005.pdf**
- **Certificate of Service.pdf**

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535